# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARK RANKIN, | ) |
| Plaintiff, | ) |
| | ) Cause No. 20-CV-1146 |
| v. | ) |
| STEAK N SHAKE, INC. | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant, Steak n Shake Inc., by and through the undersigned counsel, and hereby files this Notice of Removal of the above captioned matter, originally filed in the Circuit Court of St. Louis County, State of Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §1441, and in support thereof, states as follows:

1. Plaintiff's Petition alleges negligence arising out of a slip and fall incident that allegedly occurred on the premises of a Steak n Shake restaurant located at 10911 New Halls Ferry Road, in the City of Ferguson, Missouri, on or about January 10, 2017. (*See* Plaintiff's Petition, attached as Exhibit A, at ¶ 3.)

2. This is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court Pursuant to 28 U.S.C. § 1441 *et seq.*

3. "Federal courts exercise diversity jurisdiction when there exists complete diversity of the parties and an amount in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs." *Owners Ins. Co. v. Breckenridge Motors, Inc.*, 2020 WL 4039093, at *1 (E.D.

Mo. July 17, 2020) (*citing Mensah v. Owners Ins. Co.*, 951 F.3d 941, 943 (8th Cir. 2020); 28 U.S.C. § 1332(a)) (internal quotations omitted).

4. Citizenship of an individual person is established by the person's physical residence and the intent to remain in that state. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005) (physical presence plus intent to remain establishes citizenship).

5. When determining whether a person has an intent to remain in a state, Courts will look to the "declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property." *Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017) (*quoting Bruton v. Shank*, 349 F.2d 630, 631 n.2 (8th Cir 1965)); *see also Techno-TM, LLC v. Fireaway, Inc.*, 928 F.Supp.2d 694, 697 (S.D.N.Y. 2013) (location of the person's residence, real and personal property, payment of taxes, voting registration, and location of spouse and children among others considered in determining intent to remain).

6. Since 1988, Plaintiff has owned property in St. Louis County, Missouri, located at 3313 Tom Sawyer Dr. in Florissant, Missouri. (*See* Deed records, attached as Exhibit B; *See also* Deed of Trust, attached as Exhibit C.)

7. Plaintiff verified that he presently resides at 3313 Tom Sawyer Dr. in Florissant, Missouri, and that he has had no other residency within the past five years. (*See* Pl.'s Interrog. Answer attached as Exhibit D, at ¶ 2(j)-(k).)

8. Since at least 2017, Plaintiff has maintained taxable personal property, in the form of a GMC Yukon and a utility trailer, at 3313 Tom Sawyer Dr., Florissant, Missouri. (*See* Personal Property Tax Receipts, attached as Exhibit E.)

9. Plaintiff has been registered to vote in St. Louis County since 1979, and his current registered address with the St. Louis County Board of Election Commissioners is 3313 Tom Sawyer Dr., Florissant, Missouri 63033. (*See* Voter Registration Records, attached as Exhibit F.)

10. The totality of circumstances shown in the attached exhibits demonstrate that Plaintiff owns property in the State of Missouri, currently resides in the State of Missouri, and has the intent to remain in the State of Missouri. Thus, Plaintiff is domiciled in, and therefore a citizen of, the State of Missouri.

11. A corporation "shall be deemed a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase principal place of business refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 78, 95-96 (2010).

12. Steak n Shake Inc. is incorporated in the State of Indiana and has its corporate headquarters and principal place of business in Indianapolis, Indiana, which is where almost all of the company's executive, administrative, legal, payroll, accounting, marketing, information technology, and other related functions and activities occur. (*See* Decl. of Citizenship, attached as Exhibit G.) Defendant is therefore a citizen of the State of Indiana.

13. Plaintiff verified he has incurred $63,903.40 in medical expenses as a result of the occurrence alleged in Plaintiff's Petition. (*See* Ex. D, at 7, 12).

14. Plaintiff is also seeking lost wages as a result of the occurrence alleged in the Petition, specifically stating that his rate of pay is $23.48 per hour and that he missed work from

01/26/17 through 03/08/17, and 12/29/17 through 05/07/18. (*Id*. at 7-8). This amounts to a claim of $22,916.48 in lost wages.[1]

15. Plaintiff also seeks an unidentified amount to compensate for future medical expenses, pain and suffering, and the loss of enjoyment of life. (Ex. A, at ¶ 7.)

16. Plaintiff therefore seeks a sum in excess of $75,000.00.

17. As the attached exhibits demonstrate, Plaintiff and Defendant are citizens of different states, Defendant is not a citizen of the forum state, and the amount in controversy exceeds $75,000.00. Therefore, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

18. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (28 U.S.C.A. § 1446(b)(3).)

19. Though Plaintiff commenced this action on May 6, 2020, the amount in controversy was not apparent on the face of Plaintiff's Petition. (*See generally* Ex. A.)

20. Defendant first ascertained that this case was removable upon service of Plaintiff's Answers to Defendant's First Set of Interrogatories Directed to Plaintiff on July 28, 2020, wherein Plaintiff identified his claimed past medical expenses and lost wages. (*See* Ex. D, at 11.)

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1441 and Local Rule 2.07 because this action was originally filed in St. Louis County, Missouri, which is included in this Court's judicial area.

22. Pursuant to Local Rule 2.03, the state court docket sheet is attached as Exhibit H.

---

[1] The calculation of Plaintiff's alleged lost wages is based on a forty-hour work week, 122 missed work days, at a rate of pay of $23.48 per hour.

4

23. Pursuant to Local Rule 2.03, a copy of all process, papers, exhibits, pleadings, and orders filed with the Circuit Court of St. Louis County, Missouri, is attached as Exhibit I and J.

24. Pursuant to Local Rule 2.02, a Civil Cover Sheet for the Eastern District of Missouri is attached as Exhibit K.

25. Pursuant to Local Rule 2.02, an Original Filing Form is attached as Exhibit L.

WHEREFORE, Defendant Steak n Shake Inc. prays that the above-captioned matter be removed from the Circuit Court of St. Louis County, Missouri.

Respectfully Submitted:

/s/ Joseph R. Swift
Joseph R. Swift, #37241MO
Zachary T. Faires, #64841MO
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri  63101
jswift@bjpc.com
zfaires@bjpc.com
(314) 421-3400
(314) 421-3128 FAX
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing pleading was served by the Court's electronic filing system on this 26th day of August, 2020, on the counsel listed below.

Brent Labovitz
Kolker and Labovitz
7700 Bonhomme Ave., Suite 350
Clayton, Missouri 63105
bel@kolkerlawfirm.com
Attorneys for Plaintiff

                              /s/ Joseph R. Swift

23664478.1